THOMAS LACKIE v. M. H. BRAMLETT.

(No. 1570, Op. Book No. 2, p. 397.)

1 w 639
§ 1129
3 w 418

ERROR from Frio County.    Opinion by QUINAN, J.

§ 1129. *Jurisdiction . of county court; injunction.* Bramlett obtained an injunction restraining the collection of a judgment rendered against him in favor of Lackie by a justice of the peace for a sum less than $200. The county judge who granted the injunction upon a hearing

of the case made the injunction perpetual. *Held*, 1. The judgment is fundamentally erroneous. The county judge had no jurisdiction to issue the writ of injunction in this case. The amount in controversy is below the original jurisdiction of the county court. The county court can issue the writ of injunction only to enforce its own jurisdiction, or as an auxiliary to some proceeding within its jurisdiction. [Fendick v. Shea, *ante*, p. 515; Grant v. Quinsell, *ante*, p. 401.] But the county court has no control over the proceedings in the justice's court, except such as is acquired by appeal or *certiorari*.

§ **1130.** *Remedy against void judgment of justice of the peace.* Where a judgment of a justice of the peace is void, and the time has elapsed for appeal therefrom, or for *certiorari* thereof, the proper remedy of the party affected by the judgment is to move in the justice's court that rendered it to set aside any execution that may have been issued on it, and from the judgment of the justice upon that motion an appeal would lie. Injunction in such case is not the proper remedy, because of a want of jurisdiction in the county court to grant it.

May 25, 1881.                    Reversed and dismissed.